## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID P. OETTING, individually, and on behalf of all others similarly situated; | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION—LAW |
| | : | |
| v. | : | NO.: 2:11-cv-04757-JD |
| | : | |
| HEFFLER, RADETICH & SAITTA, LLP, | : | |
| | : | |
| Defendant. | : | |

### JOINT STATUS REPORT TO THE COURT

On October 21, 2014, the parties in the above-captioned matter participated in a status conference call with the Court, in which it was proposed that this case should remain on the Court's Civil Suspense file pending the resolution of certain matters in the Eighth Circuit Court of Appeals. At the close of the call, the Court requested that the parties submit a joint status report summarizing the current status of the case and highlighting any issues of which the Court should be aware. Subsequently, by letter dated November 7, 2014, the Court instructed that the joint report include "a summary of the proceedings in [the Eighth Circuit], the relationship between those proceedings and this case, and anything else you deem appropriate in connection with the request to keep the case in the Civil Suspense File." Pursuant to the Court's instruction, the parties submit the following joint status report for the Court's review.

I.      **Background of This Litigation**

This matter stems from a fraud that was committed on the NationsBank Class members' class-action settlement fund. Specifically, the members of the NationsBank Class, one of two classes in the class-action litigation *In re BankAmerica Corp. Sec. Litig.*, 4:99-MD-1264 (CEJ)

(E.D. Mo.) ("*BankAmerica*") were to share in a settlement fund of approximately $332 million. However, in 2004, after the Eighth Circuit affirmed the settlement, and during the claims process, an individual named Christian Penta, who was an employee of the Class Settlement Fund Administrator, Defendant Heffler, Radetich & Saitta, LLP ("Heffler"), became involved in a scheme with others outside of Heffler to defraud the NationsBank Class of approximately $5.8 million ("the Penta fraud").

When the Penta fraud was discovered, Lead Plaintiffs' Counsel for the NationsBank Class, the law firm of Green Jacobson P.C. ("Green Jacobson"), moved to file a "supplemental complaint" against Heffler as part of the *BankAmerica* litigation in an attempt to recover the $5.8 million stolen by Penta and his co-conspirators. Judge Carol E. Jackson denied the motion on the grounds that it was not part of the underlying class action, finding that the "supplemental" claims needed to be brought in a separate action. Plaintiff David P. Oetting ("Oetting"), who was one of the NationsBank Class representatives, filed his own suit against Heffler on behalf of the NationsBank Class ("this Action" or "the *Heffler* action").

Oetting's original complaint was filed on February 8, 2011 in the Eastern District of Missouri. Heffler successfully moved this matter to this Court in the Eastern District of Pennsylvania (EDPA), the district in which Heffler is located. Heffler answered Oetting's Amended Complaint on September 13, 2011. That is the case that is presently pending in this Court.

## II.       Related Litigation in Missouri

### A. Underlying Class Action

After a second distribution to the members of the NationsBank classes that had filed claims in the MDL, there was a remaining $2.7 million to be distributed, in addition to Oetting's

claim against Heffler for $5.8 million. In September of 2012, Green Jacobson filed a motion in the *BankAmerica* litigation, requesting that the case be terminated and that all the remaining money in the settlement fund (approximately $2.7 million plus any recovery against Heffler) be paid to three different local charities in the St. Louis community as part of a *cy pres* distribution. Oetting filed his opposition to the motion to terminate and requested a third distribution be made after a decision was made in the *Heffler* action.

On June 24, 2013, Judge Jackson granted the motion to terminate the NationsBank Class portion of the case. In doing so, she ordered that the $2.7 million, less fees, be paid to only one of the proposed non-profit organizations, Legal Services of Eastern Missouri, Inc. In that same memorandum order, she provided that:

> **IT IS FURTHER ORDERED** that Heffler, Radetich & Saitta, LLP shall immediately remit to the NationsBank Classes the money recovered through restitution in the criminal cases and presently held in escrow in the approximate amount of $280,000. This money *and all other monies owed to the NationsBank Classes that are recovered in the future shall be distributed cy pres to Legal Services of Eastern Missouri, Inc.* Lead counsel [Frank H. Tomlinson] may seek an award of reasonable attorneys' fees and costs expended in recovering the funds. (Emphasis supplied).

Oetting has since alleged that in June of 2013, he discovered that in November of 2012, a retired Federal Judge in St. Louis had written a letter to Judge Jackson requesting that she distribute the entire remaining funds in the NationsBank class settlement to Legal Services of Eastern Missouri, Inc., which is what she ended up doing.

Oetting has appealed Judge Jackson's Order terminating the NationsBank portion of the *BankAmerica* litigation and ordering *cy pres* distribution. The issues have been fully briefed and

the Eighth Circuit conducted oral argument on the matter on September 10, 2014, but no decision has been issued.

### B.  Oetting's Litigation Against Green Jacobson

In addition to appealing the Court's Order approving the *cy pres* distribution in *BankAmerica*, on June 15, 2013, Oetting filed, on behalf of the class, a legal malpractice action against Green Jacobson in Eastern District of Missouri.  Specifically, Oetting alleged that Green Jacobson hired Heffler without inquiring as to adequacy of insurance, resources and safeguards to protect the class from situations such as the Penta fraud; legal malpractice for the abandonment of the class when it sought to disburse the class' settlement funds to a charity rather than the class members; and breached its fiduciary duties to the class.  As part of his requested relief, Oetting claimed that Green Jacobson should be forced to disgorge approximately $60 million in attorneys' fees.

On July 18, 2013, Green Jacobson filed a motion to dismiss on the grounds that Oetting lacked standing to bring his claims.  Green Jacobson also argued that Oetting's request for disgorgement was barred by the doctrines of collateral estoppel and *res judicata*.

Judge Jackson granted Green Jacobson's Motion to Dismiss on March 11, 2014.  In that Memorandum Order she found that Oetting lacked Article III standing because Oetting did not cash his settlement checks and therefore was not harmed by the fact that his checks were slightly smaller than they would have been had the Penta fraud never occurred.  She also ruled that Oetting was collaterally estopped from requesting the disgorgement of Green Jacobson's attorneys fees, as Oetting had taken the same position, and lost, when opposing Green Jacobson's request for a *cy pres* distribution.

4

Oetting has appealed Judge Jackson's decision in his case against Green Jacobson. The issues have been fully briefed, but the Eighth Circuit has not scheduled oral argument.

### III. Issues in This Case That May be Affected by Related Litigation in the Eighth Circuit

Oetting's pending appeals in the Eighth Circuit may have an effect on this litigation in that they implicate the nature of the injury Oetting has alleged in this Action, as well as what, if anything, would be done with any funds recovered in this Action. Both issues directly relate to issues that will arise in this Action and, therefore, this Action should be stayed pending final outcome of both appeals currently pending in the Eighth Circuit. Although the Eighth Circuit's decisions on the issues presented by Oetting's appeals are not necessarily dispositive in this Action, the impending Eighth Circuit decisions may be helpful to this Court in rendering its decision on any similar issues.

Additionally, to date, Oetting has taken the position that he cannot accept anything less than the full amount lost as a result of the Penta fraud to settle this matter without class and court approval, and, without insurance, Heffler has stated it is unable to pay any amount remotely close to the full amount of the loss. Although Green Jacobson has expressed to counsel for Heffler that it has no intention of participating in any settlement negotiation, it may reconsider its position if Oetting prevails on one or both of his pending appeals.

For these reasons, the parties believe it is prudent for this Action to remain on the Court's Civil Suspense file pending resolution of Oetting's appeals in the Eighth Circuit.

Respectfully Submitted,

Frank H. Tomlinson
TOMLINSON LAW LLC
2100 First Avenue North
Suite 600
Birmingham, AL 35203
Tel: (205) 326-6626
Fax: (800) 856-9028

*Attorney for Plaintiff David P. Oetting*

Patricia M. Hamill, Esq.
Timothy M. Stengel, Esq.
CONRAD O'BRIEN PC
1500 Market Street
Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102
Tel: (215) 864-9600
Fax: (215) 864-9620

*Attorneys for Defendant Heffler, Radetich & Saitta, LLP*